SUMMARY ORDER

Xhavit Lajqi, a native and citizen of Kosovo, seeks review of an October 27, 2008 order of the BIA denying his motion to remand and affirming the December 15, 2006 decision of Immigration Judge (“IJ”) Sandy K. Horn, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xhavit Lajqi, No. A098 890 976 (B.I.A. Oct. 27, 2008), aff'g No. A098 890 976 (Immig. Ct. N.Y. City Dec. 15, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). We review the BIA’s denial of a motion to remand for abuse of discretion. See Li Yong Cao v. U.S. Dep’t of Justice, 421 F.3d 149, 156-57 (2d Cir.2005).
As a preliminary matter, while his appeal to the BIA was pending, Lajqi submitted additional evidence, which the BIA construed as a motion to remand and subsequently denied. As Lajqi does not challenge the BIA’s denial of his motion, he waives any such argument. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
In denying Lajqi’s application for asylum, withholding of removal, and CAT relief, the agency properly concluded that conditions in Kosovo had changed sufficiently such that Lajqi’s fear of persecution was no longer objectively well-founded. 8 C.F.R. § 1208.13(b)(l)(i)(A); see also Hoxhallari v. Gonzales, 468 F.3d 179, 187-88 (2d Cir.2006) (upholding the agency’s finding that conditions in Albania had changed fundamentally such that any presumption of a well-founded fear had been rebutted). But see Alibasic v. Mukasey, 547 F.3d 78, 81-82 (2d Cir.2008) (finding insufficient the BIA’s reasoning in reversing the IJ’s grant of asylum based on allegedly changed country conditions). Here, the agency properly based its decision on record evidence and adequately *650 explained its reasoning. Cf. Alibasic, 547 F.3d at 81-82. Indeed, the State Department report in the record indicated that an ethnic Albanian was elected president of Kosovo, that inter-ethnic violence had decreased, that Kosovo developed a multiparty political system with the three main parties sharing power, and that the Kosovo Liberation Army was disbanded. Thus, because substantial evidence supports the agency’s finding that country conditions have fundamentally changed in Kosovo, the agency properly denied Lajqi’s application for asylum. 8 C.F.R. § 1208.13(b)(l)(i)(A).
Although Lajqi argues that the BIA erred in denying his claim for humanitarian asylum, we cannot disagree with the agency’s finding that Lajqi did not show the type of atrocious persecution for which humanitarian asylum is reserved. See Matter of Chen, 20 I. & N. Dec. 16, 19-20 (BIA 1989); Jalloh v. Gonzales, 498 F.3d 148, 151 (2d Cir.2007).
Because Lajqi was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claims for withholding of removal and CAT relief. See 8 C.F.R. § 1208.16(b)(1 )(i)(A); Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t. of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.